# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles P. Kocoras | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 03 C 4289 | DATE | 12/12/2003 |
| CASE TITLE | Clifton M. West vs. H&R Block Tax Services, et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due ___.
(3) ☐ Answer brief to motion due___. Reply to answer brief due ___.
(4) ☐ Ruling/Hearing on ___ set for ___ at ___.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on ___ set for ___ at ___.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on ___ set for ___ at ___.
(7) ☐ Trial[set for/re-set for] on ___ at ___.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to ___ at ___.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]  Enter Memorandum Opinion and Order: Having determined that West's claims of discrimination against H&R Block are property of his bankruptcy estate, it is clear that he lacks standing to bring the present cause of action. Since West lacks standing, this court does not have subject matter jurisdiction over his claims, which must be dismissed pursuant to Federal Rule of Civil Procedure 12(h)(3). Based on the foregoing analysis, H&R Block's motion for summary judgment (12-1) is granted. H&R Block's contemporaneously filed motion to dismiss (9-1) certain claims in West's complaint is therefore denied, without prejudice, as moot. The status hearing set for 2/18/04 is stricken.

(11) ■ [For further detail see order attached to the original minute order.]

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

CLIFTON M. WEST, )
)
Plaintiff, )
)
vs. ) 03 C 4289
)
H&R BLOCK TAX SERVICES, INC.; H&R )
BLOCK TAX COMPANY, LLC; and H&R )
BLOCK SUPPORT SERVICES, LLC, )
)
Defendants. )

## MEMORANDUM OPINION

CHARLES P. KOCORAS, Chief District Judge:

This matter comes before the Court on Defendants' (collectively referred to as "H&R Block") motion for summary judgment. For the reasons set forth below, the motion is granted.

### BACKGROUND

Plaintiff Clifton West ("West") is a former employee of H&R Block. West is suing under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.*, and 42 U.S.C. § 1981, contending that he was discriminated against and constructively discharged on account of his race. H&R Block's alleged discriminatory conduct occurred between June 2000 and April 8, 2003. West initiated the present



action by filing a charge of discrimination (the "Charge") with the Equal Employment Opportunity Commission ("EEOC"), against H&R Block, on March 24, 2003. The EEOC issued West a Notice of Right to Sue, dated March 27, 2003. West then filed the present lawsuit on June 23, 2003.

Before filing this lawsuit, but after receiving his Notice of Right to Sue from the EEOC, West filed for Chapter 7 bankruptcy protection in the U.S. Bankruptcy Court for the Northern District of Illinois on May 15, 2003. This was the third time West had filed for bankruptcy and, in preparing his petition, he relied on a "Made E-Z Do It Yourself Bankruptcy Kit." Among the Bankruptcy Court documents that West was required to complete, one contained the following question, under the heading "Suits and administrative proceedings, executions, garnishments and attachments":

> List all suits and administrative proceedings to which the debtor is or was a party within one year preceding the filing of this bankruptcy case.

Pl.'s Ex. C.

In response to this question, West marked a box labeled "None." On July 17, 2003, the Bankruptcy Court entered West's appointed trustee's "Report of Trustee in No-Asset Case," which included the appointed trustee's finding that "after diligent inquiry into the property of this estate . . . there are no assets in this estate to be administered for the benefit of creditors." Def.'s App. Ex. E. West concedes that he

inappropriately failed to disclose to his appointed trustee or the Bankruptcy Court that he had filed an EEOC charge or the subsequent lawsuit against H&R Block, but West maintains that his omission was unintentional. In any event, on September 16, 2003, the Bankruptcy Court granted West's petition thereby discharging West's debts and closing West's bankruptcy case.

H&R Block now moves for summary judgment, asserting that West lacks standing to sue H&R Block.[1] They argue that West's claims are property of his bankruptcy estate and as such can be prosecuted only by his trustee.

## LEGAL STANDARD

Summary judgment is appropriate when the record, viewed in the light most favorable to the non-moving party, reveals that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). On summary judgment the moving party must identify "those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56(c)). This initial burden may be satisfied by presenting

---

[1] H&R Block also moves to dismiss certain claims in West's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).

specific evidence on a particular issue or by pointing out "an absence of evidence to support the nonmoving party's case." Id. at 325. Once the movant has met this burden, the non-moving party cannot simply rest on the allegations in the pleadings, but, "by affidavits or as otherwise provided for in [Rule 56], must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). A genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). The court must consider the record as a whole in a light most favorable to the non-moving party and draw all reasonable inferences in favor of the non-moving party. Id. at 255; Bay v. Cassens Transport Corp., 212 F.3d 969, 972 (7th Cir. 2000). With these considerations in mind, we now turn to the present motion.

## DISCUSSION

H&R Block argues that summary judgment should be entered in its favor because West lacks standing to bring this lawsuit. H&R Block asserts that West's claims do not "belong" to him and are instead the property of his bankruptcy estate.

Whether standing exists is paramount inquiry into a court's subject matter jurisdiction over a case, as it is "the threshold question in every federal case, determining the power of the court to entertain the suit." Warth v. Seldin, 422 U.S. 490, 498 (1975). "In its constitutional dimension, standing imports justiciability:

whether the plaintiff has made out a 'case or controversy' between himself and the defendant within the meaning of [Article III of the Constitution.]" Id. If standing is challenged by the defendant, the plaintiff must establish by a preponderance of the evidence that standing exists. Lee v. City of Chicago, 330 F.3d 456, 468 (7th Cir. 2003). Standing is typically challenged as a jurisdictional matter via a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1). Allstate Ins. Co. v. City of Chicago, 2003 WL 1877670, *3 (N.D. Ill. 2003). However, because "lack of subject matter jurisdiction may be raised at any time before final judgment and cannot be waived by the parties," Home Builders Ass'n of Greater Chicago v. U.S. Army Corps of Engineers, 2001WL 293641, *4 (N.D. Ill. 2001) (citations omitted), "whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." Fed. R. Civ. P. 12(h)(3).

H&R Block argues that West lacks standing because his employment discrimination claims do not "belong" to him but rather are property of his bankruptcy estate. When a debtor, such as West, files for Chapter 7 bankruptcy protection, "virtually all property of the debtor at that time becomes property of the bankruptcy estate." In re Yonikus, 996 F.2d 866, 869 (7th Cir. 1993). Section 541 of the Bankruptcy Code creates a bankruptcy estate comprised of "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C.

§ 541(a)(1). What constitutes an "interest" of the debtor is interpreted extremely broadly as "every conceivable interest of the debtor, future, nonpossessory, contingent, speculative, and derivative, is within the reach of [11 U.S.C. § 541(a)(1).]" Yonikus at 869. Among the vast range of potential property belonging to a debtor, 11 U.S.C. § 541(a)(1) "has uniformly been interpreted to include causes of action." In re Polis, 217 F.3d 899, 901 (7th Cir. 2001). To become property of the bankruptcy estate, causes of action need not have been filed in court prior to the bankruptcy petition, id. at 902, and "the point in time to look at is when the Plaintiff's cause of action accrued." Gulley v. Winnebago County Forest Preserve District, 1992 WL 185938, *2 (N.D. Ill. 1992).

It is clear that West's claims against H&R Block had materialized well before he filed for Bankruptcy on May 15, 2003. For bankruptcy purposes, his claims "accrued" no later than April 8, 2003, when West alleges that he was constructively discharged on account of his race. West's cause of action was certainly an asset at the time he received his Notice of Right to Sue from the EEOC on April 11, 2003, and should have been disclosed to the Bankruptcy Court. West's assertion that his failure to include his claims against H&R Block was unintentional is unavailing. Debtors in bankruptcy "have an absolute duty to report whatever interests they hold in property, even if they believe their assets are worthless or are unavailable to the bankruptcy

estate." In re Yonikus, 974 F.2d 901, 904 (7th Cir. 1992). A debtor's property that is not disclosed to the bankruptcy court is either abandoned or "remains part of the estate even after the closing of the bankruptcy case." Nationwide Acceptance Corp. v. Markoff, Krasny, Goldman & Grant, 2000 WL 1230434, *3 (N.D. Ill. 2000).

Having determined that West's claims of discrimination against H&R Block are property of his bankruptcy estate,[2] it is clear that he lacks standing to bring the present cause of action. This is because in Chapter 7 bankruptcies such as West's "*only* the trustee has standing to prosecute or defend a claim belonging to the estate." Cable v. Ivy Tech State College, 200 F.3d 467, 472 (7th Cir. 1999) (emphasis in original). This result is consistent with other district courts applying Seventh Circuit law, which have found that Title VII plaintiffs in Chapter 7 bankruptcy lack standing to prosecute their claims, which are legally property of the bankruptcy estate and can only be brought by the trustee. See Gulley v. Winnebago County Forest Preserve District, 1992 WL 185938 (N.D. Ill. 1992); Guynn v. Potter, 2002 WL 243626 (S.D. Ind. 2002). Since West lacks standing, this court does not have subject matter jurisdiction over his claims, which must be dismissed pursuant to Federal Rule of Civil Procedure 12(h)(3).

---

[2] In the alternative, West's claims would be abandoned and thus not his to bring, which would also lead to the conclusion of lack of standing.

## CONCLUSION

Based on the foregoing analysis, H&R Block's motion for summary judgment is granted. H&R Block's contemporaneously filed motion to dismiss certain claims in West's complaint is therefore denied, without prejudice, as moot.

						_____
						Charles P. Kocoras
						Chief Judge
						United States District Court

Dated: 12/12/03

AO 450(Rev. 5/85)Judgment in a Civil Case

# United States District Court
## Northern District of Illinois
### Eastern Division

| | |
|---|---|
| Clifton M. West | **JUDGMENT IN A CIVIL CASE** |
| v. | Case Number: 03 C 4289 |
| H&R Block, et al | |

- [~~☐~~] ~~Jury Verdict.~~ This action came before the Court for a trial by jury. The issues have been tried and the jury ~~rendered~~ its verdict.

- ☐ Decision by Court. This action came to trial or hearing before the Court. The issues have been tried or heard and a decision has been rendered.

IT IS HEREBY ORDERED AND ADJUDGED that having determined that West's claims of discrimination against H&R Block are property of his bankruptcy estate, it is clear that he lacks standing to bring the present cause of action. Since West lacks standing, this court does not have subject matter jurisdiction over his claims, which must be dismissed pursuant to Federal Rule of Civil Procedure 12(h)(3). Based on the foregoing analysis, H&R Block's motion for summary judgment (12-1) is granted. H&R Block's contemporaneously filed motion to dismiss (9-1) certain claims in West's complaint is therefore denied, without prejudice, as moot.

Michael W. Dobbins, Clerk of Court

Date: 12/12/2003

Gladys Lugo, Deputy Clerk